## MARY WOODWARD v. TOLL McNEILL.

### No. 6455.

**Estoppel—Charge—Separate Property of Wife.**—The husband, in wife's absence, sold a piano owned by his wife. She sued to recover it. The purchaser resisted on ground that the wife had received a part of the purchase money, and that she could not avoid the sale without returning the purchase money. There was testimony to support the defense, and the court charged the jury, in substance, "if they found that the piano was the separate property of plaintiff to find for her, unless they found for defendant under the evidence and law as hereinafter stated." In the next paragraph the jury were told "that if plaintiff, with knowledge of the facts, received and accepted the purchase money for the piano, or a part of it, she could not have the sale set aside without returning the money so received by her, although the sale was unauthorized by her, but that receiving the money merely would not estop her unless she knew of the sale at the time." *Held,* that the charge distinctly submitted the issue, and was no cause for reversal of the judgment rendered for the defendant.

APPEAL from Live Oak. Tried below before Hon. D. P. Marr.

Suit by Mary Woodward, appellant, a married woman, against Toll McNeill, for a piano, valued at $550, and rent for the same, her separate property.

Defendant answered by general denial, and specially that he had bought the piano from W. H. Woodward, the husband, who was authorized by plaintiff to sell; that he paid $200 for the same, which sum was paid to plaintiff and her husband; that plaintiff received at least $90 of the $200, knowing that it was part of the price of the piano; that she had never returned or offered to return the same, and that she ratified the sale and is estopped from claiming the piano.

It was proved that the piano was the separate property of plaintiff, owned by her before her marriage; that when she was away from home her husband, who was an improvident man and a gambler, sold the piano to defendant without the knowledge or consent of the plaintiff; that the husband gave defendant an order for the instrument, upon which he obtained possession and moved it to his house; that defendant paid taxes due on the homestead and the piano, paid Woodward, the husband, $25

.at the time of the purchase, and afterwards gave him two checks for $75 each, which were paid; that afterwards Mrs. Woodward, at the invitation of defendant's wife, came to his house and stopped with them two or three weeks, saw the piano, and did not claim it or repudiate the sale.

It was also in proof that plaintiff stated to others that she was satisfied with the sale to defendant and that she had received $75 of the money paid on it.

The court instructed the jury that if the piano was owned by plaintiff before her marriage they would find for her the value of the same and rent for its use, "unless the jury should find for the defendant under the evidence and the law as hereinafter stated."

The court then in effect instructed the jury that if plaintiff with knowledge of the facts received and accepted the purchase money for the piano, or a part of it, she could not have the sale set aside without returning or offering to return the money so received by her, although the sale was unauthorized by her; but that receiving the money merely would not estop her unless she knew of the sale at the time.

Plaintiff testified that she had received no part of the money and had never told parties that she had, or that she was satisfied with the sale.

The verdict and judgment were for defendant, and plaintiff appealed.

The error assigned and discussed in opinion is, "The court erred in the second subdivision of the charge, in that he did not make separate .and distinct the circumstances under which the plaintiff would be entitled to a verdict, and those under which the defendant would be entitled to a verdict, but blended the two together in such a way as to distract the minds of the jury and thus mislead the jury as to the law applicable to the facts proven."

*Elias Edmonds*, for appellant.—1.  It is the duty of the trial judge to state clearly and explicitly the whole law applicable to the case, and to avoid expressions calculated to indicate to the jury the inclination of the mind of the court upon any given state of facts.  Austin v. Talk, 26 Texas, 127; Wootters v. Kaufman, 67 Texas, 488; Andreas v. Marshall, 26 Texas, 212; Love v. Wyatt, 19 Texas, 312.

2.  The court erred in instructing the jury that plaintiff should tender the money back she received before she could recover the piano or its value. Const., art. 16, sec. 15; Rev. Stats., art. 2851; Tucker v. Carr, 39 Texas, 101; Berry v. Donley, 26 Texas, 739; Hampshire v. Floyd, 39 Texas, 105; Fitzgerald v. Turner, 43 Texas, 79; Johnson v. Bryan, 62 Texas, 623; Gregory v. Van Vleck, 21 Texas, 40; Cole v. Bammel, 62 Texas, 108.

3.  The wife can not be bound by the husband's unauthorized sale of her separate property, nor will her subsequent receipt of the purchase money or acquiescence in the delivery of the property bind her.  Taylor v. Hall, 20 Texas, 211; Reagan v. Holliman, 34 Texas, 404; Platt's Prop.

Rights of Married Women, secs. 19, 20; Raleigh v. Fitzpatrick, 11 Am. Dig., 210.

*Toll McNeill,* for appellee.

COLLARD, Judge.—Appellant's third assignment of error, that "the court erred in overruling plaintiff's motion for a new trial," is too general and can not be considered.

His second assignment is abandoned because the special charge asked and refused is not found in the record.

His first assignment of error is the only one that can be considered. It does not complain of the principles charged by the court as the law of the case, but complains that "the court did not make separate and distinct the circumstances under which the plaintiff would be entitled to recover, and those under which the defendant would be entitled to recover, but blended the two together in such a way as to distract the minds of the jury and mislead them as to the law applicable to the case." We do not find the charge subject to the criticism made. The jury are instructed to find for plaintiff if the piano was owned by her before her marriage, unless they should find for defendant under other instructions to be given. In the next paragraph of the charge they are told that she can not recover if with knowledge of the fact she accepted the money paid on the piano, or a part of it, without returning or offering to return to defendant the money so received by her, although she had not authorized the sale. Then the jury are told that receiving the money merely would not estop plaintiff unless she knew of the sale at the time.

We think the conditions upon which the plaintiff would be entitled to recover are set forth in clear and distinct terms, and in such manner as not to confuse or mislead the jury. There is nothing abstruse or difficult to understand in the charge. A jury of ordinary intelligence would comprehend it without any trouble.

The error assigned is not well taken, and we conclude the judgment ought to be affirmed.

*Affirmed.*

Adopted November 19, 1889.